UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GREAT LAKES INSURANCE SE,

          Plaintiff,

- against -

I&B REAL ESTATE, LLC,

          Defendant.

Case No.:

Jury Trial: Yes __ No ✓

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff GREAT LAKES INSURANCE SE states the following in support of its Complaint for Declaratory Judgment.

## I.    Parties

1.    Plaintiff GREAT LAKES INSURANCE SE ("Great Lakes") is a corporation engaged in the business of insurance, with a principal place of business at Munich, Germany.

2.    Defendant I&B REAL ESTATE, LLC ("I&B"), is a corporation engaged in the business of residential property rentals with a principal place of business at Maple Glen, Pennsylvania.

## II.    Basis for Jurisdiction

3.    Jurisdiction for this case is based on diversity of citizenship under 28 U.S.C. §1332, involving an amount in controversy of more than $75,000.

4.     The venue for this matter is the Eastern District of Pennsylvania because the dispute involves obligations under an insurance policy issued to the insureds at an address in Fort Washington, Pennsylvania, an underlying incident in Philadelphia, Pennsylvania, and a lawsuit filed in Philadelphia County, Pennsylvania.

### III.     Statement of Claims

#### The Underlying Personal Injury Lawsuit

5.     The underlying action is a personal injury lawsuit filed in Philadelphia Common Pleas Court by Shanae Williams, as parent and natural guardian of Azzurah Williams, a minor, against Ilana Israel, Yaron Seelig, Deeroht, LLC and Benjamin Israel, captioned *Shanae Williams, as P/N/G of Azzurah Williams, a Minor, v. Ilana Israel, et al.*, Case No. 000198 January Term 2018 (the "Underlying Lawsuit"). A copy of the complaint in the Underlying Lawsuit is attached as Exhibit "1".

6.     The underlying complaint alleges that the minor child suffered injury arising from the presence of lead based paint in the apartment where she resided with her mother from August 1, 2016 to the present.

7.     The underlying complaint states the following three Counts:

Count I – Negligence and Recklessness against Defendants Ilana Israel, Yaron Seelig, Deeroht, LLC and Benjamin Israel

Count II – Breach of Warranty against Defendants Ilana Israel, Yaron Seelig, Deeroht, LLC and Benjamin Israel

Count III – Parental Claim against Ilana Israel, Yaron Selig, Deeroht, LLC and Benjamin Israel

8. The Underlying Lawsuit alleges that Shanae Williams, the mother of the minor child, entered into a one-year lease for an apartment at 1236 South 51st Street, Apt. C, Philadelphia, PA (the "Incident Property"), and subsequently continued to lease the apartment on a month-to-month basis.

9. The Underlying Lawsuit alleges that Ilana Israel and Yaron Seelig were owners and landlords of the Incident Property, and Deeroht, LLC and Benjamin Israel were landlords.

10. The Underlying Lawsuit alleges that Azzurah Williams was tested and found to have high lead levels in her blood as a result of exposure to lead plaint in the Incident Property.

11. The Underlying Lawsuit alleges that each of the defendants acted negligently, carelessly, recklessly, deliberately and willfully indifferent to the need for proper training, testing, rules, regulations, policies, procedures, guidelines, directives, supervision, monitoring and/or investigation of the presence and removal of lead paint.

12. The Underlying Lawsuit alleges that the defendants failed to take any reasonable precaution or exercise reasonable care to warn plaintiffs and other persons of the risks to which they were exposed by contact with, ingestion, inhalation, absorption and exposure to lead paint that was peeling, chipping, flaking and/or cracking.

13. The Underlying Lawsuit alleges that the minor child's exposure to lead paint will continue to cause brain damage, delay and compromise of intellectual development, interruptions to ordinary daily life, will require repeated painful medical procedures and result in past, present and future anxiety, pain, suffering, neurological and psychological injury, emotional distress and fear.

## IV. Claims for Relief

### COUNT I - Seeking Declaratory Judgment

14. Great Lakes incorporates the allegations stated in paragraphs 1 – 13 of this complaint as if fully restated.

15. Great Lakes issued Policy No. GK04864 to named insured I&B REAL ESTATE, LLC, with effective dates from March 6, 2016 to March 6, 2017, and Renewal Policy No. GK05951, with a policy period from March 6, 2017 to March 6, 2018. True and correct copies of the policies are attached to this complaint as Exhibit "2" and Exhibit "3" (the "Policy").

16. Great Lakes seeks a declaration that it has no obligation to provide coverage for the Underlying Lawsuit and the claims alleged, based on the terms of the Policy's Lead Contamination Exclusion, the Total Pollution Exclusion, the Exclusion for Punitive Damages, and seeks a further declaration that Deerhoht, LLC, a defendant in the Underlying Lawsuit, is not a named insured and does not otherwise qualify as an insured under the Policy, as well as any of the other defendants to the Underlying Lawsuit who do not qualify as an insured under the Policy's Who Is an Insured provision.

17. A Disclaimer and Reservation of Rights letter was sent on behalf of Great Lakes to I&B on February 22, 2018, a copy of which is attached as Exhibit "4".

18. The Policy provides the following Insuring Agreement for bodily injury liability.

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

. . . .

*SECTION I – COVERAGES*

*COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1.    Insuring Agreement*

> a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*
>
>> *(1)  The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and*
>>
>> *(2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.*
>
> *No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.*
>
> b.  *This insurance applies to "bodily injury" and "property damage" only if:*
>
>> *(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>>
>> *(2)  The "bodily injury" or "property damage" occurs during the policy period; and*
>>
>> *(3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*
>
> c.  *"Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption*

      *of that "bodily injury" or "property damage" after the end of the policy period.*

   d.   *"Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:*

      (1)   *Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;*

      (2)   *Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or*

      (3)   *Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.*

   e.   *Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

19.    The Underlying Lawsuit alleges that the injuries to the minor plaintiff started when the plaintiffs moved into the apartment on August 1, 2016, and continued to the present.

20.    Great Lakes seeks a declaration that only one of the two consecutive policies can apply to the claims alleged in the Underlying Lawsuit.

21.    The Insuring Agreement, Coverage A, Sections 1.c. and 1.d., limit the coverage to "bodily injury" that occurs during the policy period and was not known to any insured to have occurred prior to the policy period, and "bodily injury" is deemed to have been known to have occurred at the earliest time when any insured (or employee authorized to receive notice of an occurrence or claim) reports the injury to us or any other insurer, receives a written or verbal demand or claim for damages, or becomes aware by any other means that the bodily injury has occurred or has begun to occur.

22.    The Policy contains the following exclusion for injury expected or intended from the standpoint of the insured.

*2.    Exclusions*

*This insurance does not apply to:*

*a.    Expected Or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

*The policy does not provide coverage for "bodily injury" expected or intended from the standpoint of the insured.*

23.    The Policy's Who is an Insured provision states the following:

*SECTION II - WHO IS AN INSURED*

*1.    If you are designated in the Declarations as:*

. . . .

*c.    A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.*

24.    Great Lakes seeks a declaration that Deerhoht, LLC, a defendant in the Underlying Lawsuit, is not a named insured, does not otherwise qualify as an insured under the Policy, and is not covered under the policy.

25.    Great Lakes seeks a declaration that any of the other defendants in the Underlying Lawsuit who do not qualify as an insured under the Policy's Who Is an Insured provision is not covered under the Policy.

26.    The Policy's Total Pollution Exclusion Endorsement states the following:

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*
*TOTAL POLLUTION EXCLUSION ENDORSEMENT*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*Exclusion f. under Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability is replaced by the following:*

*This insurance does not apply to:*

f.  Pollution

    (1)    *"Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.*

    (2)    *Any loss, cost or expense arising out of any:*

        (a)    *Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or*

        (b)    *Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".*

27. The Policy defines "Pollutants" as follows:

*SECTION V – DEFINITIONS*

    *15.*    *"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

28. Great Lakes seeks a declaration that the Policy provides no coverage for the Underlying Lawsuit based on the Total Pollution Exclusion Endorsement.

29. The Policy contains the following Exclusion for Lead Contamination:

*LEAD CONTAMINATION – EXCLUSION*

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

> *This endorsement modifies insurance provided under the following:*
>
> *GENERAL LIABILITY COVERAGE PART*
>
> A.   *The following exclusion is added to Paragraph 2., Exclusions of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, to Paragraph 2. Exclusions of SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY:*
>
> 2.   *Exclusions*
>
> *This insurance does not apply to:*
>
> a.   *"Bodily injury" arising out of the ingestion, inhalation, or absorption of lead in any form; . . . .*

30.   Great Lakes seeks a declaration that the Policy provides no coverage for the Underlying Lawsuit based on the Lead Contamination Exclusion Endorsement.

31.   The Policy contains the following Exclusion for Punitive or Exemplary Damages:

*PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION*

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

*This policy does not apply to a claim of or indemnification for punitive or exemplary damages.*

*Punitive or exemplary damage also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.*

32.   Great Lakes seeks a declaration that the Policy provides no coverage for the Underlying Lawsuit based on the Punitive or Exemplary Damage Exclusion.

WHEREFORE, Great Lakes seeks judgment regarding coverage for the Underlying Lawsuit, declaring:

A.   Great Lakes has no obligation to provide coverage for defense or indemnity of the Underlying Lawsuit based on the Policy's Lead Contamination Exclusion.

B.  Great Lakes has no obligation to provide coverage for defense or indemnity of the Underlying Lawsuit based on the Policy's Total Pollution Exclusion.

C.  Great Lakes has no obligation to provide coverage for defense or indemnity of the Underlying Lawsuit for Punitive or Exemplary Damages.

D.  Great Lakes has no obligation to provide coverage for defense or indemnity of the Underlying Lawsuit with regard to Deerhoht, LLC, which is not a named insured and does not otherwise qualify as an insured under the Policy.

E.  Great Lakes has no obligation to provide coverage for defense or indemnity of the Underlying Lawsuit with regard to any of the other defendants who do not qualify as an insured under the Policy's Who Is an Insured provision.

F.  Great Lakes is awarded costs of suit and any other relief the Court deems just and proper.

Dated: March 13, 2018

FLEISCHNER POTASH CARDALI CHERNOW
COOGLER GREISMAN STARK STEWART LLP

*/s/ Gil M. Coogler*

Gil M. Coogler
gcoogler@fleischnerpotash.com
Pa. Id. No. 35726
Attorneys for GREAT LAKES INSURANCE SE
14 Wall Street, Suite 5C
New York, NY 10005
Direct: 917-215-6495
Main: 646-520-4200
Fax: 914-997-0957

1500 Market Street
12th Floor – East Tower
Philadelphia, PA 19102
Direct: 917-215-6495
Main: 267-546-5170
Our File No.: 488-21305